Argued and submitted October 24, affirmed December 12, 1984

# HAUGH,
*Appellant,*

*v.*

# KILMER et al,
*Respondents.*

## (A8308-05354; CA A32491)

692 P2d 631

Mark B. Weintraub, Portland, argued the cause for appellant. On the brief were Jean Fogarty, and Gilbertson, Brownstein, Rask, Sweeney, Kerr & Grim, Portland.

Lee Aronson, Portland, argued the cause for respondents. On the brief were John H. Holmes, Michael S. Morey, and Holmes, DeFrancq & Schulte, P.C., Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

This is a wrongful death action. ORS 30.020(1). Plaintiff, as personal representative of decedent's estate, appeals from a summary judgment. The dispositive issue is whether the trial court erred in deciding, as a matter of law, that a release signed by the parents of decedent, before plaintiff's appointment as personal representative, barred the action. We affirm.

In 1981, decedent, a minor, was struck and killed by a van operated by defendant Kilmer and owned by defendant North Clackamas County School District. Decedent's only survivors are his parents. In November, 1981, they signed a release in favor of defendants for $10,105.22. In August, 1983, plaintiff was appointed personal representative of decedent's estate and filed the wrongful death action. Defendants moved for summary judgment, contending that the parents' release barred the action. The trial court agreed and granted the motion.

Wrongful death actions are governed by ORS 30.020(1), which provides:

"When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent, for the benefit of the decedent's surviving spouse, surviving children, surviving parents and other individuals, if any, who under the law of intestate succession of the state of the decedent's domicile would be entitled to inherit the personal property of the decedent, may maintain an action against the wrongdoer, if the decedent might have maintained an action, had he lived, against the wrongdoer for an injury done by the same act or omission."

Essentially, plaintiff argues that, because a wrongful death action may only be brought by the personal representative of the decedent, only the personal representative has the power to settle a wrongful death claim. We disagree.

Under ORS 30.020(1), the personal representative acts as a nominal party on behalf of statutorily enumerated persons. In *Christensen v. Epley,* 287 Or 539, 545, 601 P2d 1216 (1979), the court stated:

"[T]he right of action in a case such as this is not primarily for the benefit of the estate, but for the benefit of the spouse

and children of the decedent as the 'real parties in interest,' with the personal representative as 'a mere nominal party,' who sues for their benefit for the recovery of 'the value of the life lost to them.'

In the present case, decedent's parents were the sole beneficiaries under ORS 30.020(1).[1] A rule allowing the sole statutory beneficiaries to settle a wrongful death action before the appointment of a personal representative is premised on the important policy consideration favoring compromises and the practical consideration that the sole beneficiaries are the real parties in interest. The rule forecloses plaintiff's action for wrongful death.[2]

Affirmed.

---

[1] ORS 30.030 directs the distribution of damages upon settlement of a claim or recovery of judgment in a wrongful death action:

"* * * * *

"(2) The personal representative shall make payment or reimbursement for costs, expenses and fees incurred in prosecution or enforcement of the claim, action or judgment.

"(3) The personal representative shall make payment or reimbursement for reasonable charges necessarily incurred for doctors' services, hospital services, nursing services or other medical services, burial services and memorial services rendered for the decedent.

"(4) If under ORS 30.040 or 30.050 or by agreement of the beneficiaries a portion of the damages so accepted or recovered is apportioned to a beneficiary as recovery for loss described in ORS 30.020(2)(d), the personal representative shall distribute that portion to the beneficiary.

"(5) The remainder of damages accepted or recovered shall be distributed to the beneficiaries in the proportions prescribed under the laws of intestate succession of the state of decedent's domicile, but no such damages shall be subject to payment of taxes or claims against the decedent's estate."

[2] We do not address the effect of a settlement other than by all of the beneficiaries of a single class.